IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CURTIS DECAREY FLOYD, | ) |
| | ) |
| Plaintiff, | ) PLAINTIFF DEMANDS TRIAL |
| | ) BY A STRUCK JURY |
| v. | ) |
| | ) Civil Action No.: |
| SOUTHEAST CHEROKEE | ) 2:07-CV-577-MEF |
| CONSTRUCTION, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### 1. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000 et seq. and 42 U.S.C. § 1981. These statutes provide for injunctive and other relief as a remedy for race discrimination.

2. The Plaintiff has fulfilled all conditions precedent to the institution of this action. The Plaintiff timely filed his EEOC charge of discrimination within 180 days of the last discriminatory act, which was his discharge. The Plaintiff timely filed this suit within 90 days of his receipt of the Right to Sue letter from the Equal Employment Opportunity Commission (EEOC).

### II. PARTIES

3. The Plaintiff Curtis Decarey Floyd is a black male citizen of the United States and is a resident of Elmore County, Alabama. He was employed by the Defendant, Southeast Cherokee Construction, Inc. as a truck driver at all times relevant hereto.

4.    Southeast Cherokee Construction, Inc., (hereinafter SCC), a corporation, is the former employer of the Plaintiff and is subject to suit under 42 U.S.C.§ 2000e et seq.(Title VII), and 42 U.S.C. § 1981(race discrimination) in the making and enforcing of contracts. SCC employs in excess of 15 people. SCC is an Alabama corporation with its principal address in Montgomery, Alabama. SCC transacts general construction business in the state of Alabama.

### III. RACE DISCRIMINATION AND RETALIATION

5.    Plaintiff adopts and incorporates each and every material allegation contained in paragraphs 1-4 above as if fully set forth herein.

6.    Plaintiff began his employment on May 2, 2005, as a truck driver for the Defendant. After a short period of employment, he was offered the position of service truck driver which he accepted at a higher rate of pay. Plaintiff continued to work as both a truck driver and as a service truck driver until his employment with the Defendant was ended on or about September 28, 2005. Plaintiff performed his job duties in a satisfactory manner.

7.    While Plaintiff was employed with the Defendant, Plaintiff, a black male, as well as other blacks who were not employees were repeatedly referred to by employees and supervisory employees of the Defendant as "niggers". During the Plaintiff's employment, the owner of the company threatened to shoot the Plaintiff if he ever learned that he was selling his fuel.

8.    Plaintiff was required to service a bush-hog which was located off the premises of the employer. Plaintiff was not compensated for this work. A similarly situated white male who also serviced the bush-hog off the job site was compensated for this service. Plaintiff was told when he complained of this disparate treatment, "you do what

I tell you or you take your ass home".

9. Shortly before his discharge, the Southeast Cherokee Construction, Inc. purchased a new fuel truck. The truck was delivered approximately two weeks prior to Plaintiff's discharge, but he was never allowed to drive the vehicle.

10. The reasons given for Floyd's termination are pretextual. Floyd was a productive employee who followed company procedures.

11. Defendant discriminated against Plaintiff on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq., and in the making and enforcement of his employment contract, pursuant to 42 U.S.C. § 1981. Plaintiff also alleges that the Defendant retaliated against him because of his engaging in protected activities by reporting racially disparate treatment.

12. As a proximate result of the aforementioned conduct of the Defendant, Plaintiff has suffered embarrassment, humiliation, mental distress, emotional pain and mental anguish. Plaintiff was forced to work in a racially hostile environment.

13. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein. This suit for back-pay (plus interest), reinstatement, front pay in lieu of reinstatement, injunctive relief and a declaratory judgment is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injuries from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court. The Defendant engaged in the discriminatory practices complained of herein with malice and/or reckless indifference to the Plaintiff's federally protected rights, thereby entitling the Plaintiff to punitive damages.

14. The EEOC has conducted an investigation into the Plaintiff's charge of discrimination. The EEOC issued a cause finding stating that there was probable cause to believe that the Defendant had violated the Civil Rights Statutes.

## IV. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial provide appropriate relief as follows:

a) issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are in violation of (Title VII) 42 U.S.C. § 2000e et seq., a statute which prohibits employers from discriminating on the basis of race as concerns the Plaintiff's termination and other terms and conditions of his employment.

b) grant the Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and/or at the Defendant's request from continuing to violate Title VII.

c) enter an order requiring the Defendant to make the Plaintiff whole by awarding the Plaintiff back-pay, compensatory and punitive damages, reinstatement of position Plaintiff would have occupied if Defendant had not discriminated against him because of his race and/or in lieu thereof, front-pay.

d) issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are in violation of Title VII and 42 U.S.C. § 1981.

e) Plaintiff further prays for such other and further relief and benefits as the cause of justice may require, including but not limited to an award of costs, attorneys' fees,

and expenses incurred in this litigation.

Respectfully submitted,

*[signature]*

Jerry Roberson (ROB010)
Roberson & Roberson
P.O. Box 380487
Birmingham, Alabama 35238
Phone Number: 205.981.3906
Fax Number:    205.981.3908
E-mail: jdratty@charter.net

**Please serve the Defendant by Certified Mail:**
Southeast Cherokee Construction, Inc.
C/o Lister J. Hubbard, The Designated Agent of Record
57 Adams Ave.
Montgomery, Al. 36104