UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CURTIS DECAREY FLOYD,  )  <br>  ) <br> Plaintiff,  ) <br>  ) <br> V.  ) <br>  ) <br> SOUTHEAST CHEROKEE  ) <br> CONSTRUCTION, INC.  ) <br>  ) <br> Defendant.  ) <br>  ) | 2:07-cv-577-MEF |

## ANSWER TO COMPLAINT

COMES NOW the Defendant, Southeast Cherokee Construction, Inc., and for answer to Plaintiff's Complaint, says as follows:

### I. JURISDICTION

1. The Defendant admits the allegation contained in Paragraph 1 of Plaintiff's Complaint.

2. The Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint with regard to the timeliness of Plaintiff's EEOC charge and Complaint. The Defendant denies all remaining allegations and demands strict proof thereof.

### II. PARTIES

3. The Defendant agrees that it has employed Plaintiff in the past. The Defendant agrees that Plaintiff is a black male. The Defendant is without sufficient information to either admit or deny all remaining allegations in Plaintiff's Paragraph 3; therefore, it is denied.

4. The Defendant is without sufficient information to either admit or deny the allegations in Plaintiff's Paragraph 4; therefore, it is denied.

## III.  CAUSES OF ACTION

5. The Defendant repeats and re-alleges its responses to Paragraphs 1-4 of Plaintiff's Complaint as are fully set out herein.

6. The Defendant denies each and every material allegation contained in Paragraph 6 of Plaintiff's Complaint and demands strict proof thereof.

7. The Defendant denies each and every material allegation contained in Paragraph 7 of Plaintiff's Complaint and demands strict proof thereof.

8. The Defendant denies each and every material allegation contained in Paragraph 8 of Plaintiff's Complaint and demands strict proof thereof.

9. The Defendant is without sufficient information to either admit or deny the allegations in Plaintiff's Paragraph 9; therefore it is denied.

10. The Defendant denies each and every material allegation contained in Paragraph 10 of Plaintiff's Complaint and demands strict proof thereof.

11. The Defendant denies each and every material allegation contained in Paragraph 11 of Plaintiff's Complaint and demands strict proof thereof.

12. The Defendant denies each and every material allegation contained in Paragraph 12 of Plaintiff's Complaint and demands strict proof thereof.

13. The Defendant denies each and every material allegation contained in Paragraph 13 of Plaintiff's Complaint and demands strict proof thereof.

14. The Defendant admits that the EEOC conducted an investigation into Plaintiff's charge. The Defendant denies that the EEOC made a finding of probable cause. Otherwise, the Defendant demands strict proof of each and every allegation contained in Plaintiff's Paragraph 14.

## IV. PRAYER FOR RELIEF

The Defendant denies that Plaintiff is entitled to any of the items identified as a-e contained in Plaintiff's Prayer for Relief.

## V. AFFIRMATIVE DEFENSES

1. The Plaintiff's Complaint and each count therein fails to state a claim upon which relief may be granted.

2. The Plaintiff's Complaint, and each count therein, is barred by the applicable statute of limitations.

3. The Plaintiff has failed to mitigate his own damages.

4. All claims arising from allegations of discriminatory conduct are barred except to the extent that they are within the scope of the administrative proceedings pursued by Plaintiff.

5. The Court lacks subject matter jurisdiction over any of the Plaintiff's claims which are not contained in his EEOC claim.

6. Except as specifically admitted or otherwise alleged herein, Defendant denies each and every allegation of Plaintiff's Complaint.

7. Any and all actions of Defendant toward Plaintiff were justified, undertaken in good faith and without discriminatory motive.

8. Plaintiff is estopped to pursue claims stated herein.

9. The Defendant pleads that Plaintiff was an at-will employee.

10. The Defendant pleads affirmatively that there was no contract of employment between Plaintiff and Defendant.

11. The Plaintiff's claim for punitive damages violates the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

   (a)   It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

   (b)   The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

   (c)   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

   (d)   The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

   (e)   The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the

Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

12. The Plaintiff's claim for punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama, on the following grounds:

    (a) It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    (b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant;

    (c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

    (d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

    (e) The award of the punitive damages in this case constitute a deprivation of property without due process of law.

13. The Plaintiff's attempt to impose punitive or extra-contractual damages on the Defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth and Fourteenth Amendments of the United States Constitution.

14. The award of punitive damages against the Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

*s/ Robert A. Huffaker (HUF003)*
*s/ R. Brett Garrett (GAR085)*
**RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.**
184 Commerce Street
Post Office Box 270
Montgomery, Alabama 36101-0270
Tel: (334) 206-3215
Fax: (334) 262-6277
bg@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed and served a copy of the foregoing upon:

Jerry Roberson, Esq.
ROBERSON & ROBERSON
P.O. Box 380487
Birmingham, Alabama 35238

by placing same in the United States Mail, postage prepaid and properly addressed on this the 16th day of July, 2007.

*s/ R. Brett Garrett (GAR085)*