IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CURTIS DECAREY FLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-cv-577-MEF |
| | ) | |
| SOUTHEAST CHEROKEE | ) | |
| CONSTRUCTION, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Plaintiff's *Motion to Compel Depositions or In Lieu thereof Extend Deadline to Respond to Motion for Summary Judgment* (Doc. 18, filed June 10, 2008) and Defendant's *Response to Show Cause Order* (Doc. 20, filed June 12, 2008). For good cause, it is **ORDERED** that the motion to compel the depositions before June 17, 2008 is **DENIED**.[1]

Several federal courts in Alabama have already addressed the key question presented here - i.e., should the Court exercise its authority to control the pace of litigation. *See Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (the good cause standard precludes modification of the scheduling order unless the schedule cannot be met despite the diligence of the party seeking the extension); *Hosea v. Langley*, 2006 WL 314454 (S.D. Ala. 2006)

---

[1] This order does not address Plaintiff's "Motion *Extend Deadline to Respond to Motion for Summary Judgment* (Doc. 18) which remains pending before the District Court.

(parties showed no good cause why discovery had to take place outside of discovery deadline so Motion to Compel was denied); *Argo Systems FZE v. Liberty Insurance PTE, LTD.*, 2005 WL 1355060 (S.D. Ala. 2005) (citing *Sosa* and reiterating importance of keeping to scheduling orders without good cause).

The Scheduling Order states "[a]bsent stated unforeseen and unavoidable circumstances beyond the control of the movant . . . 'eleventh hour' extension requests and motions will be denied outright." *See* Doc. 10, Scheduling Order §9(b). This case has been pending since June 25, 2007 and the Scheduling Order has been in effect since August 20, 2007. As such, Plaintiff has had over nine months to complete the depositions prior to the dispositive motion deadline. The court may grant an extension to deadlines - or in this case compel a deposition in a shortened time frame - in situations where it cannot be reasonably met despite the diligence of the parties, but if they were not diligent, the court's inquiry should end. *See Sosa*, 133 F.3d at 1418 (relating to extension of deadlines). This is a classic example of Plaintiff not diligently pursuing discovery and to permit such a motion would adversely affect the Court's schedule as well as prejudice the Defendant. As such, Plaintiff's request to compel the depositions before June 17, 2008 is denied.[2]

DONE this 12th day of June, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

---

[2] This order shall not be construed so as to prohibit the depositions entirely. Rather, the Court simply addresses the request to compel them prior to June 17, 2008.