**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **CURTIS DECAREY FLOYD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.:** |
| | ) | |
| **v.** | ) | **2:07-cv-577-MEF** |
| | ) | |
| **SOUTHEAST CHEROKEE** | ) | |
| **CONSTRUCTION, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION TO SUPPLEMENT RECORD AFTER THE DEADLINE TO
RESPOND TO DISPOSITIVE MOTION**

_____**COMES NOW** the Plaintiff, Decarey Floyd, by and through counsel and moves this Court to for an Order allowing him to supplement the record for his response to the Defendant's Motion for Summary Judgment. As grounds for said motion, Plaintiff would show unto this Court as follows:

1. The Affidavit of Jerry Roberson pursuant to Rule 56(f). (Exhibit 1).

WHEREFORE PREMISES CONSIDERED, Plaintiff's counsel respectfully requests that this Court issue an Order allowing him to supplement the record for his response to the Defendant's Motion for Summary Judgment.

Respectfully submitted,

s/Jerry Roberson
Jerry Roberson (ROB010)
Roberson & Roberson
P.O. Box 380487
Birmingham, Alabama 35238
Phone Number: 205.981.3906
Fax Number:    205.981.3908
E-mail: jdratty@charter.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of June, 2008, I electronically filed the foregoing with the Clerk of the Court using the using the Electronic Filing system which will send notification of such filing to the following:

Richard Brett Garrett
Robert A. Huffaker
Rushton Stakely Johnston & Garrett
P.O. Box 270
Montgomery, Al. 36101-0270
Phone: 334-206-3100
Fax:   334-262-6277
E-mail: rah@rsjg.com

s/Jerry Roberson
Jerry Roberson

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **CURTIS DECAREY FLOYD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.:** |
| | ) | |
| **v.** | ) | **2:07-cv-577-MEF** |
| | ) | |
| **SOUTHEAST CHEROKEE** | ) | |
| **CONSTRUCTION, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

### <u>AFFIDAVIT OF JERRY ROBERSON</u>

BEFORE ME APPEARED JERRY ROBERSON, and after being duly sworn, states upon oath as follows:

1.    My name is Jerry Roberson. I am counsel for the Plaintiff, Decarey Floyd in this case. I was admitted to practice law in Alabama in 1983. I was admitted to practice Georgia in 1985. I have been practicing law for twenty-five years. I am presently admitted to all three District Courts in Alabama and am admitted in Georgia. I have personal knowledge of the below facts.

2.    Approximately 85% or more of my cases are pending in Federal Courts in Alabama. I am familiar with the Scheduling Orders entered by Federal Judges. I have a manual calendaring system and a computer driven one. In this case, the Order entered on August 20, 2007, only referred to a discovery deadline dated August 14, 2008. There was a dispositive motion deadline of May 30, 2008, but there was no deadline designated for the date responses to dispositive motions were due.

3.     Although defense counsel wrote to Plaintiff's counsel on a few occasions requesting dates for the deposition of the Plaintiff, each time the Plaintiff's counsel told the defense lawyer that until he provided written discovery responses to the outstanding discovery which had been sent by Plaintiff, he would not be tendering the Plaintiff for deposition.  Plaintiff sent discovery to defendant on December 3, 2007.  (Exhibit 1). Plaintiff granted defendant additional time to respond. (Exhibit 2).  Defendant responded on February 7, 2008.  (Exhibit 3).  Defendant's responses were incomplete . (Exhibit 4). For example, Plaintiff requested information on the race of the service truck driver who replaced Floyd, in an effort to prove a prima facie case.  Defendant objected and has refused to respond.  Plaintiff also requested contact information for black employees of the defendant. Defendant has objected and refused to respond.  Eventually, an agreement was reached to tender Plaintiff even though defense counsel has still not provided complete discovery responses to Plaintiff's counsel.  Plaintiff was deposed on May 19, 2008. Garrett has also stated that before his client could mediate this case, he would have to depose Plaintiff. Defendant's counsel was unwilling to allow Plaintiff to depose its representatives before the Plaintiff was deposed.

4.     On May 19, 2008, at Plaintiff's deposition, counsel for the Plaintiff requested deposition dates for representatives of the defendant.  This request was made to Brett Garrett.  The defendant's response to the Court's Order to show cause does not accurately reflect that deposition dates were requested for representatives of the defendant on May 19th.  No dates have ever been provided, other than a tentative date of June 11th.  Plaintiff's counsel spoke with defense counsel who said he would contact his clients to see if they were available on June 11th. This was after the Court entered the order of June 4, 2008 requiring Plaintiff's response to the summary judgment motion by June 17th.

5.     Later in the same week, Plaintiff's counsel received an e-mail stating that the representatives for the Defendant were not available to be deposed until June 17th.

6.     In this case, Plaintiff's counsel has requested deposition dates for the representatives of the Defendant. Plaintiff's counsel has been ordered to respond to two motions for summary judgment, both pending before this Court, by the same date, June 17, 2008. (See Scheduling Order in *Sims v. Coosa County Board of Ed.*, 2:07-cv-704-MEF). No representative of the defendant will have been deposed by that date. Plaintiff's counsel will file a response by June 17th, but is requesting time to supplement the record with depositions taken of the representatives for the Defendant after June 17, 2008.

7.     The discovery cut-off in this case is August 14, 2008. Plaintiff's counsel, by this Court's scheduling order, has two more months to complete discovery.

8.     Plaintiff's counsel has obtained signed declarations from some prior employees of the defendant. These include statements made of former employees that they heard managers of the defendant make statements which should be considered direct evidence of discrimination. Plaintiff's counsel also has obtained the written progressive discipline policy of the defendant employer which was not followed in Decarey Floyd's discharge.

9.     Counsel has not been able to interrogate defendant's representatives under oath about these and other relevant matters. Counsel has not been able to obtain testimony concerning why Floyd was discharged rather than be returned to his job as a dump truck driver. Plaintiff's counsel has not been able to fully explore the disparate treatment of Floyd as compared with white employees of the Defendant, such as whether the other dump truck

drives drove when their vehicles were overweight. Plaintiff has not been able to inquire as to why the progressive discipline policy was not followed in Floyd's discharge. Counsel had not been able to inquire why white service truck drivers were not disciplined for getting stuck or damage the service truck, yet Floyd was discharged because he got stuck and slightly damaged the truck.

FURTHER AFFIANT SAITH NOT.

I have read the above statement and it is true and correct to the best of my knowledge.

_____
JERRY ROBERSON

Jefferson County          )
State of Alabama          )

Sworn to and subscribed before me on this 10 day of June, 2008.

_____
Notary Public          NOTARY PUBLIC STATE OF ALABAMA AT LARGE
                       MY COMMISSION EXPIRES: Jan 9, 2010
                       BONDED THRU NOTARY PUBLIC UNDERWRITERS

My Commission Expires:_____

# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

|  |  |  |
|---|---|---|
| **CURTIS DECAREY FLOYD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.:** |
| | ) | |
| v. | ) | **2:07-cv-577-MEF** |
| | ) | |
| **SOUTHEAST CHEROKEE** | ) | |
| **CONSTRUCTION, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**COMES NOW** the Plaintiff, Decarey Floyd, and pursuant to FRCP 34, requests that

the Defendant Southeast Cherokee Construction, Inc., produce the original and permit the

inspection and copying of the below described documents within 30 days.

1.    An organizational chart which lists all members of the Plaintiff's chain of

command, including all supervisors, as they existed on the following dates:

      a.    The date Decarey Floyd was hired;
      b.    The date Decarey Floyd was terminated;

2.    The complete personnel file (including all W-2s, wage or commission

statements, etc.) for each of the below named or described individuals.

      a.    Decarey Floyd;
      b.    The person who replaced Decarey Floyd after his termination;
      c.    Any African American employee who has been hired by this defendant
          since January 1, 2002; and
      d.    The personnel file of all persons who have held the position as fuel

truck operator since January 1, 2002.

3.    All written qualifications, including all job postings for the position Decarey

Floyd held as a fuel truck operator.

4.    All e-mails or other writings discussing the decisions to terminate the plaintiff.

5.    All writings, e-mails, or materials which relate to any job evaluation,

performance evaluation, job performance deficiency, or any  disciplinary action regarding

the Plaintiff.

6.    A written job description which outlines all job duties for a fuel truck operator.

7.    All written policies of this defendant which prohibit racial discrimination.

8.    All written materials provided to employees for their training in the area of

racial discrimination.

9.    Any disciplinary policy, work rules, regulations, or other written materials

concerning the employer's expectations, job performance, or disciplinary actions.

Respectfully submitted,

Jerry Roberson (ROB010)
Roberson & Roberson
P.O. Box 380487
Birmingham, Alabama 35238
Phone Number:  205.981.3906
Fax Number:     205.981.3908
E-mail: jdratty@charter.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of December, 2007, I served a copy of the foregoing document upon counsel of record either through the CM/ECF system, via facsimile or by placing a copy of the same in the United States Mail, first class postage prepaid and addressed as follows:

Richard Brett Garrett
Robert A. Huffaker
Rushton Stakely Johnston & Garrett
P.O. Box 270
Montgomery, Al. 36101-0270
Phone: 334-206-3100
Fax:    334-262-6277
E-mail: rah@rsjg.com

Jerry Roberson (ROB010)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CURTIS DECAREY FLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: |
| | ) | |
| v. | ) | 2:07-cv-577-MEF |
| | ) | |
| SOUTHEAST CHEROKEE | ) | |
| CONSTRUCTION, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

**COMES NOW** the Plaintiff, Decarey Floyd, and pursuant to Rule 33 of the Federal Rules of Civil Procedure propounds the following Interrogatories to the Defendant Southeast Cherokee Construction, Inc., to be answered under oath within 30 days.

1.     Identify all persons, providing their name, address and job title who had any role in the decision to terminate the Plaintiff.

2.     For each person identified in interrogatory number 1, state with specificity what role each person played in the decision to terminate the Plaintiff, whether they made the decision, recommended the decision, or approved the decision.

3.     Identify all persons who made any written evaluation of the Plaintiff's job performance, describing in detail the nature of the evaluation, when the evaluation occurred, and identifying all people who were interviewed and all records which were consulted as part

of the said evaluation.

4.    Identify the employee, agent, or representative of the defendant who is most knowledgeable concerning all compensation and employment related benefits available to the plaintiff.

5.    Identify the person who replaced the plaintiff, indicating his race and date of birth.

6.    Identify every person who has filed an EEOC charge or lawsuit alleging race, gender, or age discrimination against this defendant since January 1, 2002, providing the name and address of the plaintiff; the name and address of counsel; style of lawsuit and jurisdiction in which it was pending; and whether said charge or suit has been resolved or is still pending.

7.    Identify the name of the IT person who is most knowledgeable concerning the forensic recovery of the defendant's e-mail traffic.

8.    Identify the chain of command for the plaintiff when he was employed with this defendant.

9.    Identify all persons who are African American who have been hired by this Defendant since 2002, providing name, address, job title, telephone number, and date of birth, and whether said person is still working for this Defendant, and if not, the reason for his separation.

10.    Identify all African-American persons who have left the employment of this defendant since January 1, 2002, providing their name, address, job title, telephone number,

date of separation and reason for separation.

11.    State whether this employer had a written policy which prohibits race discrimination at the time Decarey Floyd at anytime since January 1, 2002. If so, please state the appropriate person to contact regarding a complaint of race discrimination with this employer.

12.    State whether Decarey Floyd was ever the subject of any written discipline while he worked for this Defendant. If so, state the date of said discipline and the nature of said discipline along with the persons most knowledgeable concerning the discipline.

13.    State whether Decarey Floyd was every provided with any written warning concerning his job performance. If so, state the date of said written warning, who made said written warning, and the person most knowledgeable concerning the contents of the written warning.

14.    State whether this defendant employed a progressive disciplinary policy. If so, please describe the nature and terms of said disciplinary policy.

15.    If this defendant had a progressive disciplinary policy, state whether Decarey Floyd was ever the subject of any discipline under this policy. If so, please provide the date of said discipline, the person taking said discipline against Floyd, and the person most knowledgeable regarding this discipline.

16.    Does this defendant have a training program for employees regarding prohibiting racial discrimination. If so, please identify the person who is most knowledgeable regarding this program, providing their name, address, and employment

classification.

Respectfully submitted,

Jerry Roberson (ROB010)
Roberson & Roberson
P.O. Box 380487
Birmingham, Alabama 35238
Phone Number: 205.981.3906
Fax Number:   205.981.3908
E-mail: jdratty@charter.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of December, 2007, I served a copy of the foregoing document upon counsel of record either through the CM/ECF system, via facsimile or by placing a copy of the same in the United States Mail, first class postage prepaid and addressed as follows:

Richard Brett Garrett
Robert A. Huffaker
Rushton Stakely Johnston & Garrett
P.O. Box 270
Montgomery, Al. 36101-0270
Phone: 334-206-3100
Fax:   334-262-6277
E-mail: rah@rsjg.com

Jerry Roberson (ROB010)

# EXHIBIT 2

LAW OFFICES

# RUSHTON, STAKELY, JOHNSTON & GARRETT

## A PROFESSIONAL ASSOCIATION

Charles A. Stakely
J. Theodore Jackson, Jr.
James W. Garrett, Jr.
Robert A. Huffaker
Thomas H. Keene
Richard B. Garrett
Jeffrey W. Blitz
Dennis R. Bailey
Ronald G. Davenport
Fred W. Tyson
Robert C. Brock
F. Chadwick Morriss
T. Kent Garrett
Frank J. Stakely
William S. Haynes
Helen Crump Wells
Paul M. James, Jr.

Chris S. Simmons
Robert C. Ward, Jr.
Bowdy J. Brown
Daniel L. Lindsey, Jr.
Patrick M. Shegon
Benjamin C. Wilson
L. Peyton Chapman, III
William I. Eskridge
Alan T. Hargrove, Jr.
R. Austin Huffaker, Jr.
Richard L. McBride, Jr.
R. Mac Freeman, Jr.
James R. Dickens, Jr.
R. Brett Garrett
Bethany L. Bolger
T. Grant Sexton, Jr.
Stephen P. Dees

*Of Counsel:*
Jesse M. Williams, III

184 COMMERCE STREET
MONTGOMERY, ALABAMA 36104

Mailing Address:
Post Office Box 270
Montgomery, Alabama 36101-0270

Writer's Direct Telephone: (334) 206-3260
Writer's Direct Facsimile: (334) 481-0808
Email: bg@rsjg.com
Website: www.rsjg.com

January 4, 2008

Jerry Roberson, Esq.
ROBERSON & ROBERSON
PO Box 380487
Birmingham, AL 35238

   Re: <u>Decarey Floyd v. Southeast Cherokee Construction</u>
     United States District Court, Middle District of Alabama
     Case No.: 2:07-cv-544-MEF

Dear Jerry:

   I enjoyed speaking with you on January 3, 2008 regarding outstanding discovery in this case and I appreciate your leniency in receiving that discovery late, taking into account the fact that my client needs additional time to secure information requested due to the holidays. I will submit responses to you in the near future.

   If you have any questions or comments, please feel free to contact me at the number above listed.

       Sincerely,

       R. Brett Garrett

RBG2/kml

cc: Robert A. Huffaker, Esq.

EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CURTIS DECAREY FLOYD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 2:07-cv-577-MEF |
| | § | |
| SOUTHEAST CHEROKEE | § | |
| CONSTRUCTION, INC., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Defendant, Southeast Cherokee Construction, Inc., and responds to Plaintiff's first request for production of documents as follows:

1.      An organizational chart which lists all members of the Plaintiff's chain of command, including all supervisors, as they existed on the following dates:

      a.     The date Decarey Floyd was hired;
      b.     The date Decarey Floyd was terminated.

**RESPONSE:** <u>See</u> **Defendant's response to Plaintiff's interrogatory 8.**

2.      The complete personnel file (including all W-2s, wage or commission statements, etc.) for each of the below named or described individuals.

      a.     Decarey Floyd;
      b.     The person who replaced Decarey Floyd after his termination;
      c.     Any African American employee who has been hired by this defendant since January 1, 002; and
      d.     The personnel file of all persons who have held the position as fuel truck operator since January 1, 2002.

**RESPONSE: Defendant objects to Plaintiff's request for production 2 in that it demands irrelevant information. Moreover, Plaintiff's request for production 2 is overbroad and overly burdensome.**

3.      All written qualifications, including all job postings for the position Decarey Floyd held as fuel truck operator.

**RESPONSE: See attached.**

4.      All e-mails or other writings discussing the decisions to terminate the plaintiff.

**RESPONSE: Defendant is unaware of any e-mails discussing the decision to terminate Decarey Floyd. Otherwise, see Defendant's response to Plaintiff's interrogatory 3.**

5.      All writings, e-mails, or materials which relate to any job evaluation, performance evaluation, job performance deficiency, or any disciplinary action regarding the Plaintiff.

**RESPONSE: See Defendnat's response to Plaintiff's interrogatory 3.**

6.      A written job description which outlines all job duties for a fuel truck operator.

**RESPONSE: See Defendant's response to Plaintiff's request for production 3.**

7.      All written policies of this defendant which prohibit racial discrimination.

**RESPONSE: See attached.**

8.      All written materials provided to employees for their training in the area of racial discrimination.

**RESPONSE:** <u>See</u> **Defendant's response to Plaintiff's request for production**

**7 above.**

9.    Any disciplinary policy, work rules, regulations, or other written materials

concerning the employer's expectations, job performance, or disciplinary actions.

**RESPONSE: <u>See</u> attached.**

Respectfully submitted this the 1<u><sup>st</sup></u> day of <u>February, 2008</u>.


*s/ R. Brett Garrett*
R. BRETT GARRETT (GAR085)
Attorney for Defendant, Southeast
Cherokee Construction, Inc.

<u>Of Counsel:</u>
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
PO Box 270
Montgomery, AL 36101-0270
334-206-3138 (telephone)
334-481-0808 (fax)
bg@rsjg.com (email)


## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed and served a copy of the foregoing

upon:

Jerry Roberson, Esq.
ROBERSON & ROBERSON
PO Box 380487
Birmingham, AL 35238

by placing same in the United States Mail, postage prepaid and properly addressed on
this the 1<u><sup>st</sup></u> day of <u>February, 2008</u>.


*s/ R. Brett Garrett*
Of Counsel

3

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CURTIS DECAREY FLOYD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | 2:07-cv-577-MEF |
| v. | § | |
| | § | |
| SOUTHEAST CHEROKEE | § | |
| CONSTRUCTION, INC. | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES

COMES NOW Defendant, Southeast Cherokee Construction, Inc., and responds to Plaintiff's first interrogatories as follows:

1.      Identify all persons, providing their name, address and job title who had any role in the decision to terminate the Plaintiff.

**RESPONSE: Senior Vice President, Jerry Carter, made the decision to terminate Mr. Floyd.**

2.      For each person identified in interrogatory number 1, state with specificity what role each person played in the decision to terminate the Plaintiff, whether they made the decision, recommended the decision, or approved the decision.

**RESPONSE: See response to Plaintiff's interrogatory 1 above.**

3.      Identify all persons who made any written evaluation of the Plaintiff's job performance, describing in detail the nature of the evaluation, when the evaluation occurred, and identifying all people who were interviewed and all records which were consulted as part of the said evaluation.

**RESPONSE:** Senior Vice President, Jerry Carter, made a written evaluation of Plaintiff's job performance subsequent to his termination. A copy of Mr. Carter's written evaluation is attached.

4.     Identify the employee, agent, or representative of the defendant who is most knowledgeable concerning all compensation and employment related benefits available to the plaintiff.

**RESPONSE: Lynn Carter**

5.     Identify the person who replaced the plaintiff, indicating his race and date of birth.

**RESPONSE: Defendant objects to Plaintiff's interrogatory 5 as it is vague and does not reference an identifiable individual.**

6.     Identify every person who has filed an EEOC charge or lawsuit alleging race, gender, or age discrimination against this defendant since January 1, 2002, providing the name and address of the plaintiff; the name and address of counsel; style of lawsuit and jurisdiction in which it was pending; and whether said charge or suit has been resolved or is still pending.

**RESPONSE: None other than Decarey Floyd.**

7.     Identify the name of the IT person who is most knowledgeable concerning the forensic recovery of the defendant's email traffic.

**RESPONSE: Defendant has no knowledge of any e-mails sent to it by Decarey Floyd. However, those most knowledgeable are Lynn Carter and Ray Ponder.**

8.     Identify the chain of command for the plaintiff when he was employed with this defendant.

**RESPONSE:** Defendant objects to Plaintiff's interrogatory 8 as it is vague. Moreover, it attempts to elicit information that is irrelevant and not designed to procure discoverable information. Without waiving said objection, President, Lynn M. Carter; Senior Vice President, Jerry Carter; and Horizontal Operations Manager, Randy Davis.

9.      Identify all persons who are African American who have been hired by this Defendant since 2002, providing the name, address, job title, telephone number, and date of birth, and whether said person is still working for this Defendant, and if not, the reason for his separation.

**RESPONSE:** Defendant objects to Plaintiff's interrogatory 9 in that it seeks production of information which is irrelevant, inadmissible and not designed to seek discoverable information.

10.     Identify all African-American persons who have left the employment of this defendant since January 1, 2002, providing their name, address, job title, telephone number, date of separation and reason for separation.

**RESPONSE:** See response to Plaintiff's interrogatory 9 above.

11.     State whether this employer had a written policy which prohibits race discrimination at the time Decarey Floyd at anytime since January 1, 2002 (*sic*). If so, please state the appropriate person to contact regarding a complaint of race discrimination with this employer.

**RESPONSE:** Yes. Lynn Carter.

12.     State whether Decarey Floyd was ever the subject of any written discipline while he worked for this Defendant.  If so, state the date of said discipline and the nature of said discipline along with the persons most knowledgeable concerning the discipline.

**RESPONSE: Defendant is unaware of any written discipline Decarey Floyd received during the tenure of his employment.**

13. State whether Decarey Floyd was every (*sic*) provided with any written warning concerning his job performance.  If so, state the date of said written warning, who made said written warning, and the person most knowledgeable concerning the contents of the written warning.

**RESPONSE: <u>See</u> response to Plaintiff's interrogatory 12 above.**

14. State whether this defendant employed a progressive disciplinary policy.  If so, please describe the nature and terms of said disciplinary policy.

**RESPONSE: Defendant objects to Plaintiff's interrogatory 14 in that "progressive disciplinary policy" is not specifically defined.**

15.     If this defendant had a progressive disciplinary policy, state whether Decarey Floyd was ever the subject of any discipline under this policy.  If so, please provide the date of said discipline, the person taking said discipline against Floyd, and the person most knowledgeable regarding this discipline.

**RESPONSE: <u>See</u> Defendant's response to Plaintiff's interrogatory 14 above.**

16.     Does this defendant have a training program for employees regarding prohibiting racial discrimination.  If so, please identify the person who is most knowledgeable regarding this program, providing their name, address, and employment classification.

**RESPONSE:** Defendant objects to Plaintiff's interrogatory 16 in that it fails to define "training program."

_____
LYNN M. CARTER, PRESIDENT

Sworn to and subscribed before me this the __4__ day of _February_, 2008.

_____
NOTARY PUBLIC
My Commission Expires: _10-24-10_

[SEAL]

s/ R. Brett Garrett
_____
R. BRETT GARRETT (GAR085)
Attorneys for Defendant, Southeast Cherokee
Construction, Inc.

Of Counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
PO Box 270
Montgomery, AL 36101-0270
334-206-3138 (telephone)
334-481-0808 (fax)
bg@rsjg.com (email)

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed and served a copy of the foregoing upon:

Jerry Roberson, Esq.
ROBERSON & ROBERSON
PO Box 380487
Birmingham, AL 35238

by placing same in the United States Mail, postage prepaid and properly addressed on this the
_____ day of February, 2008.

_s/ R. Brett Garrett_____
Of Counsel

# EXHIBIT 4

## ROBERSON & ROBERSON
### ATTORNEYS AT LAW
3765 KINROSS DRIVE
POST OFFICE BOX 380487
BIRMINGHAM, ALABAMA 35238-0487
TELEPHONE: (205) 981-3906
FACSIMILE: (205) 981-3908

JERRY D. ROBERSON*
*ALSO MEMBER GEORGIA BAR

CHRISTIAN E. ROBERSON
(1966-2002)

March 14, 2008

**VIA FACSIMILE 334-262-6277**
Richard Brett Garrett
Rushton Stakely Johnston & Garrett
P.O. Box 270
Montgomery, Al. 36101-0270

**Re:   Curtis Decarey Floyd v. Southeast Cherokee Construction, Inc.**

Dear Brett:

This letter is in response to the defendant's responses to the plaintiff's discovery requests. The Federal Rules require that we "meet and confer" prior to my filing a Motion to Compel. I am entitled to the discovery responses that I requested and to which you have objected. I am articulating the reasons for my entitlement prior to filing a Motion to Compel.

In my interrogatory #5, I request the identity of the person who replaced the plaintiff, indicating his race and date of birth. You have objected to this interrogatory. It should be simple to identify the person who replaced the plaintiff as the driver of the truck. That is one of the ways that the plaintiff may demonstrate a prima facie case of race discrimination, if his replacement was of a different race. As such, you are not only required to give me the information requested, but you also have to make the replacement's personnel file available to me.

In interrogatory #9, I asked you to identify all African Americans who have been hired by this defendant since 2002. You objected claiming that information was irrelevant. This is a race discrimination case. All African Americans who have been hired since 2002 are potential witnesses. Their experiences are relevant. If you have hired 10 blacks, and my client is the only one with a problem you could prove that. I must have their contact information in order to properly investigate this case. You cannot exclude this information as it is reasonably calculated to lead to the discovery of admissible evidence.

The same reasoning holds true for interrogatory #10.

In interrogatory #14, you say progressive disciplinary policy is not specifically defined. However, your document lists that you have a progressive disciplinary policy. A progressive disciplinary policy is one in which the first infraction merits a verbal

counseling, then as further infractions ensue the disciplinary consequences are more significant. They lead to written warnings, suspensions, and finally termination. I am asking if this defendant had a progressive disciplinary policy and if so, what disciplinary action was taken Decarey Floyd prior to his termination.

In interrogatory #15, I am entitled to the same information.

In interrogatory #16, I have asked what type of training program your company has to train employees regarding prohibiting racial discrimination. If you have a training program to prevent racial discrimination, I am entitled to know. If there are written materials, I am entitled to them. If you have no training program, simply state that you do not.

As concerns your responses to my request for production, I am entitled to the information I have requested in request #2 for the reasons I have previously outlined. This request was for the personnel file of Decarey Floyd, the person who replaced him, African Americans hired since January 1, 2002, and the personnel file of all persons who held the position as fuel truck driver. These are all comparators.

I would appreciate having this information as soon as possible. We need to complete our depositions. I need this in order to conduct the meaningful depositions.

I think you have some significant problems in the defense of this action. I am sure you think my case has problems. It seems to me an appropriate time to try to resolve this case is after you provide me with this requested discovery. If your client does not wish to settle this case, then they should forward this information and begin taking depositions and paying you to defend this action.

I certainly will agree to mediate this case after your provide this discovery. Please call me.

Very truly yours,

Jerry Roberson

JDR/tlb