UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CURTIS DECAREY FLOYD,** § | |
| § | |
| **Plaintiff,** § | |
| § | 2:07-cv-577-MEF |
| **v.** § | |
| § | |
| **SOUTHEAST CHEROKEE** § | |
| **CONSTRUCTION, INC.** § | |
| § | |
| **Defendant.** § | |

### DEFENDANT'S RESPONSE TO COURT ORDER DATED JUNE 19, 2008

COMES NOW Defendant, Southeast Cherokee Construction, Inc., and shows as follows in response to this Court's Order of June 19, 2008:

### I. INTRODUCTION

On June 17, 2008, Plaintiff filed a motion with the Court requesting that it enter an Order allowing him to supplement his pending response to Defendant's motion for summary judgment with information gathered past the imposed dispositive motion deadline. (Doc. 25). On June 19, 2008, the Court entered an Order directing the Defendant to file a motion showing cause as to why Plaintiff's motion should not be granted. (Doc. 26).

### II. FACTUAL/PROCEDURAL NARRATIVE

In support of his motion to supplement, Plaintiff argues that he should be allowed to supplement his response to Defendant's motion for summary judgment because this Court's scheduling order directed that all dispositive motions be filed prior to the discovery deadline of August 14, 2008. (Doc. 25-2). The implication being that the Court's Order is inherently illogical (by placing the dispositive motion deadline before the discovery deadline). Plaintiff also argues that since the amount of time he was given to respond to Defendant's dispositive motion

was not specifically defined in the Court's scheduling order he was prejudiced by this Court's Order of June 3, 2008 directing him to respond to Defendant's dispositive motion on or before June 17, 2008 -- eighteen (18) days after Defendants' dispositive motion was filed. (Id.)

In support of these arguments, Plaintiff's counsel filed a four (4) page affidavit attempting to shift the blame to Defense counsel for his failing to take any depositions in the ten (10) month period prior to the dispositive motion deadline. (Id.). Specifically, Plaintiff's counsel indicated that he failed to conduct depositions during the ten (10) months prior to the dispositive motion deadline because Defendant (1) objected to certain discovery requests propounded by Plaintiff, (2) refused to consider mediation before Plaintiff's deposition was taken and (3) failed to act appropriately with regard to tendering certain employees for deposition after the Court issued its Order of June 3, 2008. (Id.)

With regard to Plaintiff's argument that Defendant failed to act appropriately in attempting to organize depositions subsequent to June 3rd, Defendant adopts that information provided to the Court in its previous response to this Court's show cause order of June 12, 2008. (Doc. 20). With regard to Plaintiff's allegation that he was unable to take depositions because of Defendant's unwillingness to submit for mediation prior to taking Plaintiff's deposition, Defendant offers that mediation in this action would have been premature without, at a very minimum, taking the Plaintiff's deposition. Defendant would venture to argue that a very small percentage of race discrimination cases (if any) are settled without exploring the basis of Plaintiff's allegations in depth. Certainly, there can be no reasonable argument that such a position negatively affected Plaintiff's ability to take depositions.

Plaintiff's argument that he was unable to take depositions due to Defendant's various objections to interrogatories and requests for production of documents is simply disingenuous.

Regardless of any objection Defendant has raised with regard to the propriety of Plaintiff's requests, Plaintiff had every right -- and, indeed, the burden -- of deposing Defendant's employee's to explore the basis of those stated objections. Defendant has objected to certain requests on valid grounds and Plaintiff filed no motion whatsoever with the court attempting to compel discovery. Defendant has effectively communicated with Plaintiff regarding any and all discovery issues raised and has never refused to submit its employees for deposition without just cause.

Defendant believes that Plaintiff simply did not expect to be ordered to respond to Defendant's dispositive motion on or before June 17, 2008. Since he failed to be proactive in taking depositions during the first ten (10) months of this litigation, he was placed in the tenuous position of being unprepared to respond to Defendant's motion within the time period established by the Court. Defendant should not be burdened by Plaintiff's failure to be proactive in developing his case.

### III. ARGUMENT

It is well settled in the 11th Circuit that district courts have discretion with regard to whether to consider motions to extend deadlines established pursuant to scheduling orders. See Young v. City of Palm Bay, 358 F.3d 859, 863 (11th Cir. Fla. 2004). A court's decision granting or denying any such motion is reviewed pursuant to the abuse of discretion standard. Id. "When we review a district court's decision under the abuse of discretion standard, our review is limited; and we give the court 'considerably more leeway than if we were reviewing the decision de novo.'" See Cason v. Seckinger, 231 F.3d 777, 786 (11th Cir. 2000). "The district court has a range of options [in dealing with such motions]; so long as the district court does not commit a clear error in judgment, we will affirm the district court's decision." See In re Rasbury, 24 F.3d

159, 168 (11th Cir. 1994) and Will v. Calvert Fire Ins. Co., 437 U.S. 655, 665-66 (1978) ("Where a matter is committed to the discretion of a district court, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'").

In considering whether to grant Plaintiff's motion to supplement the record past the deadline established by this Court's scheduling order, the Court must consider the equities not only to plaintiff and his counsel, but also to the opposing parties and counsel, as well as to the public, including those persons affected by the court's increasingly crowded docket. See Young, supra. "Counsel must take responsibility for the obligations to which he committed and get the work done by the deadline." Id. at 864. A district court must be able to exercise its managerial power to maintain control over its docket. See In re Air Crash Disaster at Florida Everglades on Dec. 29, 549 F.2d 1006, 1012 (5th Cir. 1977). This power is necessary for the court to administer effective justice and prevent congestion. Id.

Moreover, while a Plaintiff may be harmed to some degree by his counsel's failure to present his purported evidence in a timely fashion, the Supreme Court has said that clients are to be held accountable for the acts and omissions of their attorneys:

> [Plaintiff] voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

See Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 396-97 (1993) (quotations and citations omitted).

## IV. CONCLUSION

Plaintiff has shown no justifiable reason for failing to properly litigate this action during the ten (10) month period preceding the dispositive motion deadline. The Plaintiff has filed a timely response to Defendant's motion and has shown no prejudice that would result if precluded from supplementing his response in the future. Previously in this litigation Defendant moved the Court for an extension of time to file a dispositive motion subsequent to having difficulty receiving deposition dates for Plaintiff which was denied. Defendant met its deadline regardless.

Defendant's summary judgment is due to be granted as Plaintiff's Complaint does not state an actionable claim against this Defendant for race discrimination. Allowing Plaintiff to supplement its response, at this juncture, would be adverse to judicial economy and prejudicial to Defendant who is due to be dismissed from this action expeditiously without incurring additional defense expenses. Plaintiff's motion is due to be denied.

Respectfully submitted this the 23rd day of June, 2008.

*s/ R. Brett Garrett*
ROBERT A. HUFFAKER (HUF003)
R. BRETT GARRETT (GAR085)
Attorneys for Defendant, Southeast Cherokee Construction, Inc.

Of Counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
PO Box 270
Montgomery, AL 36101-0270
334-206-3138 (telephone)
334-481-0808 (fax)
bg@rsjg.com (email)

## CERTIFICATE OF SERVICE

      I hereby certify that on June 23, 2008, I have electronically filed and served a copy of the foregoing by placing same in the United States Mail, postage prepaid and properly addressed, upon:

Jerry D. Roberson, Esq.                  jdratty@charter.net
ROBERSON & ROBERSON
PO Box 380487
Birmingham, AL 35238

                                      *s/ R. Brett Garrett*
                                      Of Counsel