**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **CURTIS DECAREY FLOYD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **2:07-cv-577-MEF** |
| **v.** | § | |
| | § | |
| **SOUTHEAST CHEROKEE** | § | |
| **CONSTRUCTION, INC.** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

## I. BRIEF INTRODUCTION

This is a race discrimination case brought by Plaintiff, Decarey Floyd, against his former employer, Southeast Cherokee Construction, Inc. (hereinafter "Southeast"), a corporation located in Wetumpka, Alabama. Southeast specializes in general building, contracting, construction, site preparation and improvement. Floyd, a black male, was employed by Southeast as truck driver. Floyd alleges that he was retaliated against and made subject to racial discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. and 42 U.S.C. § 1981. (Doc. 1). Specifically, Floyd alleges that he performed his job duties in a satisfactory manner, but, nonetheless was wrongfully terminated due to his race. (Id.) There are no genuine issues of material fact; as such, Southeast is entitled to judgment as a matter of law.

## II. RELEVANT PROCEDURAL NARRATIVE

On May 30, 2008, Defendant filed a motion for summary judgment and supporting brief arguing that Floyd has failed to establish a *prima facie* case of racial discrimination, retaliation or hostile work environment and, as such, his Complaint is due to be dismissed. (Doc. 14 ). On June

17, 2008, Floyd filed a response to Defendant's motion arguing that summary judgment is improper, in part, because he claims to have produced direct evidence of racial discrimination. (Doc. 23). On June 3, 2008, the Court entered an Order directing the Defendant to file a reply to Floyd's response on or before July 24, 2008. (Doc. 15 ).

Defendant's brief currently pending before the Court adequately addresses Floyd's claims with regard to racial discrimination, retaliation and the existence of a racially hostile work environment. As such, no further submission is necessary. However, Defendant offers the following in reply to Floyd's direct evidence claim.

### III.  ARGUMENT

### Floyd has failed to submit direct evidence of discrimination

In response to summary judgment, Floyd claims that Defendant's motion for summary judgment is due to be denied because he has submitted direct evidence of discrimination. (Doc. 23). In support of this argument, Floyd submitted a document entitled "Declaration of Deon Daniels." (See Ex. 5 to Doc. 24). Deon Daniels is a former employee of the Defendant who worked from an unspecified date through November 4, 2006. (Id.) As relevant, Mr. Daniels states within his Declaration that he "overhead;" (1) an individual named Jeremy Deloach state that Floyd would not be driving the new fuel truck, (2) an individual named Randy Davis state "ain't no black man going to run the service truck," (3) Mr. Davis state that Defendant wanted a white male to drive the service truck, and (4) Mr. Davis state that the Defendant fired Floyd so it could have a white male service truck driver. (Id.)  Mr. Daniels' Declaration does not constitute direct evidence of discrimination.

The Eleventh Circuit defines direct evidence of discrimination as "evidence which reflects 'a discriminatory or retaliatory attitude correlating to the discrimination or retaliation

complained of by the employee.'" See Wilson v. B/E Aero., Inc., 376 F.3d 1079, 1085 (11th Cir. Fla. 2004). Direct evidence is "evidence, that, if believed, proves [the] existence of [a] fact without inference or presumption." See Burrell v. Bd. of Trustees of Ga. Military Coll., 125 F.3d 1390, 1393 (11th Cir. 1997). "Only the most blatant remarks, whose intent could mean nothing other than to discriminate on the basis of" some impermissible factor constitute direct evidence of discrimination." See Rojas v. Florida, 285 F.3d 1339, 1342 n.2 (11th Cir. 2001); Carter v. City of Miami, 870 F.2d 578, 582 (11th Cir. 1989). Evidence that only suggests discrimination, see Earley v. Champion Intern. Corp., 907 F.2d 1077, 1081-82 (11th Cir.1990), or that is subject to more than one interpretation, see Harris v. Shelby County Bd. of Educ., 99 F.3d 1078, 1083 n. 2 (11th Cir.1996), does not constitute direct evidence. See Merritt v. Dillard Paper Co., 120 F.3d 1181, 1189 (11th Cir. Ala. 1997).

"Stray remarks" cannot be direct evidence of discrimination. "For statements of discriminatory intent to constitute direct evidence of discrimination, they must be made by a person involved in the challenged decision." See Trotter v. Board of Trustees, 91 F.3d 1449, 1453 (11th Cir. 1996); see also, Eskra v. Provident Life & Accident Ins. Co., 125 F.3d 1406, 1411 (11th Cir. 1997). In order to constitute evidence of discrimination the alleged statements must be made by a person involved in the challenged decision. See Trotter v. Bd. of Trustees, 91 F.3d 1449, 1453-54 (11th Cir. 1996). "Remarks by non-decisionmakers or remarks unrelated to the decisionmaking process itself are not direct evidence of discrimination." See Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1330 (11th Cir. 1998).

Floyd alleges that he was wrongfully terminated by Jerry Carter, Defendant's Vice President of Operations due to his race. (Doc. 23). However, Mr. Daniels' Declaration does not allege that Mr. Carter made any discriminatory statements whatsoever with regard to Mr. Floyd.

3

(See Ex. 5 to Doc. 24 ). Mr. Daniels' Declaration states only that he "overheard" two individuals, Jeremy Deloach and Randy Davis, make discriminatory remarks regarding Floyd. (Id.) The undisputed evidence has shown that Mr. Carter made the decision to terminate Floyd's employment based on a number of legitimate, non-discriminatory reasons. (Doc. 14).   There is no evidence that either Mr. Deloach or Mr. Davis were "decision makers" with regard to whether Floyd would be terminated nor is there evidence that either of these individual's alleged statements played any role whatsoever in influencing Mr. Carter's decision to terminate Floyd. Similarly, there is no evidence that Mr. Deloach or Mr. Davis played any role in Mr. Carter's decision-making process.

In Goldenberg v. Slater, 2001 U.S. Dist. LEXIS 25037 (S.D. Fla. Feb. 26, 2001), Plaintiff Martin Goldenberg, a white Jewish male, brought a Title VII action against his employer, the Federal Aviation Administration ("FAA"), alleging that he was not selected for promotion due to his religion. Id. at 8.   In support of this contention, Plaintiff alleged that a number of FAA employees made anti-Semitic comments which, in his opinion, "evidence[d] the anti-Semitic atmosphere in which the decision not to select him was made." Id. Plaintiff claimed that the following comments were made by management, friends of management or FAA employees:

> A remark made by Bobby Morris, "a social friend of Robert Johnson's," that he refused to have Plaintiff work in his organization because "he's a Washington Jew";
>
> At a division manager's meeting in late 1992, Hoyt Dunn said, in the presence of Robert Johnson, "we ought to send that little Jew back to Washington";
>
> At a division manager's conference in early 1994, Dunn, again in the presence of Johnson, made an anti-semitic joke;
>
> Lee Ann Robbins stated that "those people are pushy," allegedly referring to Plaintiff being a Jew;

> Morris, in a conversation with Robbins and Johnson, stated "well, you know how pushy those G-d damned people are";
>
> Dan Chapman referred to Plaintiff as "the little Jew"; and
>
> In approximately February 1996, an employee said, "I'm not circumcised like Marty Goldenberg."

Id. at 15. In determining that these statements did not constitute direct evidence of discrimination, the Court held that Plaintiff failed to make a showing that any of the statements were made by individuals responsible for failing to promote him as alleged, i.e., the challenged decision. Id. at 15. Since the individuals who were responsible for the challenged decision were not shown to harbor racial amicus, Plaintiff failed to produce direct evidence of discrimination. Id. See also Mauter v. Hardy Corp., 825 F.2d 1554, 1558 (11th Cir.1987) (holding that company vice president's statement, "The Hardy Corporation was going to weed out the old ones" did not present a genuine issue of material fact as to discriminatory intent when the vice president played no part in the decision to terminate plaintiff and had no knowledge of the decision making process); Standard v. A.B.E.L. Servs., 161 F.3d 1318, 1330 (11th Cir. Ga. 1998) (holding no direct evidence of discrimination where Plaintiff claimed to have overheard a conversation between two managers including the statement "older people have more go wrong" where the managers involved were not responsible for making the challenged decision); and Barnes v. Southwest Forest Industries, Inc., 814 F.2d 607, 610-11 (11th Cir.1987) (holding that plaintiff did not establish a prima facie case by introducing personnel manager's statement, "You would have to take another physical examination and at your age, I don't believe you could pass it.").

Since Mr. Daniels does not state that any of the alleged discriminatory statements were made by Mr. Carter -- the individual who made the challenged decision -- the remarks contained in his Declaration, even if true, do not rise to the level of direct evidence for purposes of Title

VII. See Standard, Barnes and Mauter, supra. Plaintiff's argument that summary judgment must fail due to the existence of direct evidence is flawed.

Respectfully submitted this the 24th day of June, 2008.

*s/ R. Brett Garrett*
ROBERT A. HUFFAKER (HUF003)
R. BRETT GARRETT (GAR085)
Attorneys for Defendant, Southeast Cherokee
Construction, Inc.

Of Counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
PO Box 270
Montgomery, AL 36101-0270
334-206-3138 (telephone)
334-481-0808 (fax)
bg@rsjg.com (email)

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2008, I have electronically filed and served a copy of the foregoing by placing same in the United States Mail, postage prepaid and properly addressed, upon:

Jerry D. Roberson, Esq.                    jdratty@charter.net
ROBERSON & ROBERSON
PO Box 380487
Birmingham, AL 35238

*s/ R. Brett Garrett*
Of Counsel

6