IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CURTIS DECAREY FLOYD, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO. 2:07cv577-MEF |
| ) | |
| SOUTHEAST CHEROKEE ) | (WO - Do Not Publish) |
| CONSTRUCTION, INC. ) | |
| ) | |
| DEFENDANT. ) | |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Plaintiff's Motion to Supplement Record After the Deadline to Respond to Dispositive Motion (Doc. # 25) filed by counsel for Plaintiff on June 17, 2008 along with his brief and evidentiary submissions in opposition to the Defendant's Motion for Summary Judgment. For the reasons set forth below, the motion is due to be DENIED.

Counsel for Plaintiff had ample time for discovery prior to the deadline for his opposition to Defendant's motion for summary judgment. This action was filed on June 25, 2007. The parties conducted a conference of the parties pursuant to Federal Rule of Civil Procedure 26(f) on August 13, 2007. Federal Rule of Civil Procedure 26(d) provides that a party cannot seek discovery from any source before the parties have met and conferred as required by Federal Rule of Civil Procedure 26(f). *See* FED. R. CIV. P. 26(d). Rule 26(d) does make an exception for cases in which earlier discovery is authorized by the Federal Rules of Civil Procedure, by court order, or by agreement of the parties. In any event, it is

clear in this case that the parties were free to conduct discovery beginning in mid-August of 2007.

On August 20, 2007, this Court entered a Uniform Scheduling Order in this case. This case was set for trial on September 29, 2008. The Court set a May 30, 2008 deadline for the filing of any dispositive motions. Consistent with the established practice in the United States District Court for the Middle District of Alabama, the Court set the deadline for the close of discovery after the deadline for dispositive motions on August 14, 2008. The reason for this practice is provided on the website for this Court which states:

> Litigants before the Court are entitled to careful consideration of the issues by the Court. In order to give non-movants a reasonable time to respond and movants time to reply, *final submission is approximately a month after the dispositive motion is filed*. The Court must have sufficient time to fully and properly consider issues raised on a motion for summary judgment. The deadlines established in the Court's scheduling order insure achievement of these purposes. *The judges try to resolve summary judgment motions in advance of pretrial hearings.* Neither moving the summary judgment deadline to the cutoff of discovery nor cutting off discovery at the earlier summary judgment deadline would be appropriate. Any attorney viewing a case as one appropriate for summary judgment should schedule discovery to allow the deadline to be met. Setting the dispositive motion deadline prior to the end of discovery also recognizes the realities of litigation. *Often factual issues which should be developed for trial are not necessary for resolution of summary judgment issues*. If summary judgment is denied, a discovery cut-off after the time for filing dispositive motions allows discovery to proceed without the necessity of a motion to reopen discovery. The court encourages lawyers to conduct discovery in a manner consistent with "just, speedy and inexpensive" procedures. See Federal Rules of Civil Procedure, Rule1.

Internet Website for the United States District Court for the Middle District of Alabama, Attorney FAQ, http://www.almd.uscourts.gov/faqs/attorney_faq.htm#rule16 (emphasis

added). While the August 20, 2007 Uniform Scheduling Order did not set out a specific deadline for Plaintiff's response to any dispositive motion Defendant could file in this case, when Plaintiff's counsel received that Uniform Scheduling Order he had ready access to information that should have made him realize that his response to any dispositive motion filed would be due *at the latest* in June of 2008. He also should have realized that while he could conduct discovery until August of 2008, it would be necessary to obtain all discovery necessary to respond to the Defendant's motion well in advance of the close of discovery. Indeed, the fact that a defendant is free to file a dispositive motion far in advance of the deadline imposed for the filing of such motions should make any plaintiff's attorney eager to conduct whatever discovery needed to defend against that motion.

Plaintiff's counsel waited until December 3, 2007 to send written discovery requests to Defendant's counsel. When asked, Plaintiff's counsel granted Defendant's counsel additional time to respond to the written discovery. Defendant's responses Plaintiff's counsel's requests for production were mailed to Plaintiff's counsel on February 1, 2008, and Defendant's responses to Plaintiff's interrogatories were mailed to Plaintiff's counsel on February 7, 2008. On March 14, 2008, Plaintiff's counsel wrote to Defendant's counsel and identified deficiencies in the Defendant's discovery responses. In the letter Plaintiff mentions that he is considering filing a motion to compel if he does not receive a satisfactory response.

On April 28, 2008, Defendant sought an extension of the deadline for the filing of

dispositive motions. The Court denied that request. Plaintiff's deposition was conducted on May 19, 2008. At that May 19th deposition, Plaintiff's counsel requested, apparently for the first time, deposition dates for representatives of the Defendant. On May 30, 2008, Defendant filed its motion for summary judgment. On June 3, 2008, the Court entered an Order setting a formal deadline of June 17 for Plaintiff's response in opposition to the motion for summary judgment. Around this time, Defendant's counsel apparently told Plaintiff's counsel that representatives for the Defendant would not be available for deposition until June 17, 2008.

Plaintiff's counsel had a minimum of ten months in which to conduct discovery prior to the deadline for the filing of his response in opposition to defendant's summary judgment was due. While the Court is cognizant that counsel likely has other cases than this one for which he is responsible, he certainly had sufficient time to take depositions prior to receiving Defendant's motion for summary judgment. Plaintiff's counsel made strategic choices about the order in which he would obtain discovery, the date on which he would begin his efforts to obtain discovery, and the aggressiveness with which he would pursue discovery. These choices, not this Court's scheduling orders, created the situation in which Plaintiff's counsel now finds himself. Accordingly, this Court does not agree with Plaintiff's characterization of this case as one in which a party opposing summary judgment has not had an opportunity to engage in meaningful discovery. Plaintiff had ample opportunity for such discovery prior to the May 30, 2008 filing of the motion for summary judgment. Any failure by Plaintiff to

take advantage of that opportunity for discovery prior to Defendant's summary judgment having been filed is a product of Plaintiff's own strategic decisions. Nothing in Federal Rule of Civil Procedure 56(f) requires this Court to grant the relief Plaintiff seeks in circumstances such as these. Accordingly, it is hereby ORDERED that Plaintiff's Motion to Supplement Record After the Deadline to Respond to Dispositive Motion (Doc. # 25) is DENIED.

DONE this the 15th day of July, 2008.

                                        /s/ Mark E. Fuller
                                  CHIEF UNITED STATES DISTRICT JUDGE