UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CURTIS DECAREY FLOYD, | § § § | |
| Plaintiff, | § § | 2:07-cv-577-MEF |
| v. | § § | |
| SOUTHEAST CHEROKEE CONSTRUCTION, INC. | § § § § | |
| Defendant. | § | |

## MOTION TO EXTEND DISCOVERY DEADLINE TO SECURE THE DEPOSITION OF WITNESS DEON DANIELS

COMES NOW Defendant, Southeast Cherokee Construction, Inc., and respectfully requests that this Court enter an order extending the discovery cutoff in the above-styled action solely for purposes of deposing witness Deon Daniels for a period of thirty (30) days, up to and including September 13, 2008. As grounds for this motion, Defendant presents the affidavit of R. Brett Garrett, Esq. (attached hereto as Ex. "A") and shows unto the Court as follows:

1. On July 9, 2008, Defendant issued a notice of deposition for Mr. Daniels which was set to take place on July 28, 2008 at 4:00 p.m. at defense counsel's office. (See Notice of Deposition, attached hereto as Ex. "B"). Defendant simultaneously issued a subpoena/order to appear to Mr. Daniels which was served via private process server. (See Subpoena, attached hereto as Ex. "C").

2. Mr. Daniels failed to present for his deposition on July 28, 2008. (See Ex. "A"). Later that afternoon, an unidentified female contacted counsel for Defendant and stated that Mr. Daniels failed to read the subpoena and, as such, mistakenly presented to the Autauga County, Alabama Courthouse. (Id.) Counsel instructed the unidentified female to have Mr. Daniels

contact him personally. (Id.) Minutes later, Mr. Daniels contacted counsel and indicated that he had failed to read the subpoena and mistakenly presented to the Autauga County, Alabama Courthouse. (Id.) Counsel instructed Mr. Daniels with regard to the location of his office and that a new subpoena would be issued. (Id.) Mr. Daniels agreed to present for deposition on the afternoon of August 6, 2008 and gave counsel his cellular telephone number for future contact. (Id.)

3. Counsel subsequently issued an amended notice of deposition for Mr. Daniels on August 4, 2008. (Id.) A copy of this notice was mailed and hand delivered to Mr. Daniels' residence. (See Ex. "D"). In expectation for said deposition, counsel's legal assistant left two (2) messages on Mr. Daniels' cellular telephone reminding Mr. Daniels of said deposition. (See Ex. "A"). Moreover, counsel personally spoke with Mr. Daniels on the afternoon of August 5, 2008, reminded him of the deposition and, again, provided him with directions to counsel's office. (Id.) Mr. Daniels indicated that he would be present. (Id.)

3. Mr. Daniels again failed to present for his deposition on August 6, 2008. (Id.) Mr. Daniels contacted counsel's legal assistant at approximately 2:00 p.m. on August 6th stating that he was in Dothan, Alabama delivering a load of materials in the course of his employment and, as such, would not be able to appear for deposition. (Id.)

4. Defense counsel has acted with due diligence in attempting to secure the deposition testimony of Deon Daniels. Mr. Daniels has failed to appear pursuant to subpoena and personal agreement. The deposition testimony of Mr. Daniels is crucial to the defense of this action and Defendant will be prejudiced if unable to secure Mr. Daniels' testimony.

5. Based upon the foregoing, counsel for Defendant requests that the Court extend the discovery deadline in this matter for a period of thirty (30) days solely for the purposes of

securing Mr. Daniels' attendance for deposition. If Mr. Daniels continues to fail to appear pursuant to subpoena, Defendant will move the court for its assistance in compelling Mr. Daniels to appear.

WHEREFORE, Defendant Southeast Cherokee Construction, Inc. respectfully requests that this Court enter an order extending the discovery cutoff as relating solely to taking the deposition of Deon Daniels for a period of thirty (30) days up to and including September 13, 2008.

Respectfully submitted this the 14th day of August, 2008.

*s/ R. Brett Garrett*
ROBERT A. HUFFAKER (HUF003)
R. BRETT GARRETT (GAR085)
Attorneys for Defendant, Southeast Cherokee Construction, Inc.

Of Counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
PO Box 270
Montgomery, AL 36101-0270
334-206-3138 (telephone)
334-481-0808 (fax)
bg@rsjg.com (email)

## CERTIFICATE OF SERVICE

      I hereby certify that on <u>August 14, 2008</u>, I have electronically filed and served a copy of the foregoing by placing same in the United States Mail, postage prepaid and properly addressed, upon:

Jerry Roberson, Esq.
ROBERSON & ROBERSON
PO Box 380487
Birmingham, AL 35238

                                      <u>s/ R. Brett Garrett</u>
                                      Of Counsel

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CURTIS DECAREY FLOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:07-cv-577-MEF |
| V. | ) |
| | ) |
| SOUTHEAST CHEROKEE | ) |
| CONSTRUCTION, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

### AFFIDAVIT OF R. BRETT GARRETT, ESQ.

**BEFORE ME**, Kristi M. Lee, a notary public in and for said County and State, personally appeared **R. BRETT GARRETT, ESQ.**, and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of her ability, information, knowledge and belief, as follows:

"My name is R. Brett Garrett, Esq. I am over the age of twenty-one and am personally familiar with all the facts set forth in this Affidavit. I am counsel of record for Defendant Southeast Cherokee Construction, Inc.

On July 9, 2008, my office issued a notice of deposition for Deon Daniels which was set to take place on July 28, 2008 at 4:00 p.m. at defense counsel's office. My office simultaneously issued a subpoena/order to appear to Mr. Daniels which was served via private process server.

Mr. Daniels failed to present for his deposition on July 28, 2008. Later that afternoon, an unidentified female contacted me and stated that Mr. Daniels failed to read the subpoena and, as such, mistakenly presented to the Autauga County, Alabama Courthouse. I instructed the unidentified female to have Mr. Daniels contact me personally. Minutes later, Mr. Daniels



contacted me and indicated that he had failed to read the subpoena and mistakenly presented to the Autauga County, Alabama Courthouse. I instructed Mr. Daniels with regard to the location of my office and that a new subpoena would be issued. Mr. Daniels agreed to present for deposition on the afternoon of August 6, 2008 and gave me his cellular telephone number for future contact.

I subsequently issued an amended notice of deposition for Mr. Daniels on August 4, 2008. A copy of this notice was mailed and hand delivered to Mr. Daniels' residence. In expectation for said deposition, my legal assistant left two (2) messages on Mr. Daniels' cellular telephone reminding Mr. Daniels of said deposition. Moreover, I personally spoke with Mr. Daniels on the afternoon of August 5, 2008, reminded him of the deposition and, again, provided him with directions to my office. Mr. Daniels indicated that he would be present.

Mr. Daniels again failed to present for his deposition on August 6, 2008. Mr. Daniels contacted my legal assistant at approximately 2:00 p.m. on August 6th stating that he was in Dothan, Alabama delivering a load of materials in the course of his employment and, as such, would not be able to appear for deposition."

Further, affiant sayeth not.

_____
**R. BRETT GARRETT, ESQ.**

STATE OF ALABAMA )
COUNTY OF Montgomery )

Sworn to and subscribed before me on this the 14th day of August, 2008.

_____
Notary Public
MyCommissionExpires
02-22-10

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CURTIS DECAREY FLOYD, | § |
| Plaintiff, | § |
| vs. | §   2:07-cv-577-MEF |
| SOUTHEAST CHEROKEE CONSTRUCTION, INC., | § |
| Defendant. | § |

### NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that Defendant, Southeast Cherokee Construction, Inc., will take the deposition upon oral examination of **Deon Daniels**. Said deposition is to be taken before an officer authorized by law to administer oaths and shall commence on **July 28, 2008, at 4:00 p.m., at the law offices of Rushton, Stakely, Johnston & Garrett, P.A., 184 Commerce Street, Montgomery, AL 36104,** and will continue from day to day thereafter until completed.

Respectfully submitted this the 9th day of July, 2008.

*s/ R. Brett Garrett*
R. BRETT GARRETT (GAR085)
Attorney for Defendant, Southeast
Cherokee Construction, Inc.

Of Counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
PO Box 270
Montgomery, AL 36101-0270
334-206-3138 (telephone)
334-481-0808 (fax)
bg@rsjg.com (email)


EXHIBIT B

## CERTIFICATE OF SERVICE

  I hereby certify that on <u>July 9, 2008</u>, I have served a copy of the foregoing upon the following counsel of record:

| | |
|---|---|
| Jerry Roberson, Esq.<br>ROBERSON & ROBERSON<br>PO Box 380487<br>Birmingham, AL 35238 | <u>jdratty@charter.net</u> |

                <u>s/ R. Brett Garrett</u>
                Of Counsel

2

AO88 (Rev. 12/06) Subpoena in a Civil Case

ORIGINAL

# Issued by the
# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

DECAREY FLOYD

V.

SOUTHEAST CHEROKEE CONSTRUCTION, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2:07-CV-577-MEF

TO: Deon Daniels
1085 Estes Road
Wetumpka, AL 36092

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Rushton, Stakely, Johnston & Garrett, P.A., 184 Commerce Street, Montgomery, AL 36104 | 7/28/2008 4:00 pm |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| R. Brett Garrett | 7/7/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
R. Brett Garrett, Esq.; Rushton, Stakely, Johnston & Garrett, P.A.; 184 Commerce Street, Montgomery, AL 36104; Phone: 334-206-3138

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



EXHIBIT C

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 7-15-08 | 1085 Ester |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Cynthia Kendrick | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Donnie Foster | Private |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   7-15-08
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CURTIS DECAREY FLOYD, | § § § | |
| Plaintiff, | § § | |
| vs. | § | 2:07-cv-577-MEF |
| | § § | |
| SOUTHEAST CHEROKEE CONSTRUCTION, INC., | § § § | |
| Defendant. | § | |

### NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that Defendant, Southeast Cherokee Construction, Inc., will take the deposition upon oral examination of **Deon Daniels**. Said deposition is to be taken before an officer authorized by law to administer oaths and shall commence on **August 6, 2008, at 4:00 p.m., at the law offices of Rushton, Stakely, Johnston & Garrett, P.A., 184 Commerce Street, Montgomery, AL 36104,** and will continue from day to day thereafter until completed.

Respectfully submitted this the 4<u>th</u> day of <u>August, 2008</u>.

<u>s/ R. Brett Garrett</u>
R. BRETT GARRETT (GAR085)
Attorney for Defendant, Southeast
Cherokee Construction, Inc.

Of Counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
PO Box 270
Montgomery, AL 36101-0270
334-206-3138 (telephone)
334-481-0808 (fax)
bg@rsjg.com (email)



## CERTIFICATE OF SERVICE

I hereby certify that on <u>August 4, 2008</u>, I have served a copy of the foregoing upon the following counsel of record:

Jerry Roberson, Esq.          <u>jdratty@charter.net</u>
ROBERSON & ROBERSON
PO Box 380487
Birmingham, AL 35238

<u>s/ R. Brett Garrett</u>
Of Counsel