# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| **CURTIS DECAREY FLOYD,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: |
| | ) | |
| v. | ) | 2:07-cv-577-MEF |
| | ) | |
| **SOUTHEAST CHEROKEE** | ) | |
| **CONSTRUCTION, INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on August 28, 2008, during which the following proceedings were held and actions taken:

1. **PARTIES AND TRIAL COUNSEL**:

   **PARTIES**                         **TRIAL COUNSEL**

   Plaintiff:   Decarey Floyd          Jerry D. Roberson, Esq.
                                       Roberson & Roberson
                                       3765 Kinross Drive
                                       P.O. Box 380487
                                       Birmingham, Alabama 35238
                                       Telephone: (205) 981-3906

   Defendant:   Southeast Cherokee     R. Brett Garrett, Esq.
                Construction, Inc.     Thomas Grant Sexton, Jr., Esq.
                                       Rushton Stakely Johnston &
                                       Garrett, P.A.
                                       P.O. Box 270
                                       Montgomery, Al. 36101-0270
                                       Phone: 334-206-3100

**COUNSEL APPEARING AT PRETRIAL HEARING**:

    For Plaintiff:    Jerry D. Roberson, Esq.

    For Defendants:    R. Brett Garrett, Esq.

2.    **JURISDICTION AND VENUE**:

The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. Defendant Southeast Cherokee is located within the Middle District of Alabama at 3790 Grier Road, Wetumpka, Alabama 36092. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). Personal jurisdiction is not contested.

3.    **PLEADINGS:** The following pleadings, dispositive motions and amendments were allowed:

    (a)    Complaint;

    (b)    Answer and Affirmative Defenses

4.    **CONTENTIONS OF THE PARTIES**:

**(a)**    **The Plaintiff:**

    (1)    The Plaintiff Decarey Floyd contends that his termination was the result of race discrimination on the part of his employer Southeast Cherokee Construction, Inc.

    (2)    Floyd contends that he was subjected to disparate treatment based on race, as he was terminated for less serious conduct than that engaged in by white employees which did not result in their termination.

    (3)    Floyd contends that he has direct evidence that his termination

was due to race discrimination and not the reasons articulated by the Defendant.

(4)    Floyd contends that the articulated reasons given by the Defendant for his discharge are pretextual.

(5)    Floyd contends that he was qualified to work the job as service truck driver as well as the job of dump truck driver.

(6)    Floyd contends that he was terminated from both positions in September 2005 and was not offered a position to continue his employment as a dump truck driver.

(7)    Floyd contends that he is entitled to back-pay, front-pay, compensatory and punitive damages.

(8)    Floyd, if he is a prevailing party, also contends that he is entitled to attorneys' fees and the costs associated with this litigation.

**(b)    The Defendant**:

Southeast Cherokee Construction, Inc. contends that Floyd was not terminated as a result of his race but due to a number of legitimate non-racially motivated factors that are/were not pretextual. Southeast contends that the reasons Floyd was terminated were related to his specific employment performance and that his race was not considered as a factor in his termination. Southeast contends that Floyd was paid more to drive the service truck in question than other Caucasian drivers who were more qualified for the position. Southeast contends that Floyd understood that his employment as a

service truck driver was temporary and, further, that Floyd did not want to be employed as a service truck driver.

Moreover, Southeast contends that Floyd was given an opportunity to continue his employment as a dump truck driver which he refused. Southeast contends that Floyd is not due to be awarded damages claimed because he was not terminated due to his race. There is no legitimate reason to award attorney's fees or costs for this litigation, nor, specifically, is there evidence supporting any award of punitive damages.

    5.    **STIPULATIONS of FACT BY and BETWEEN THE PARTIES**:

    (a)    Southeast Cherokee Construction Company is the former employer of Floyd.

    (b)    Floyd was terminated on or about September 28, 2005.

    (c)    The EEOC issued a cause finding determining that there was probable cause to believe that Title VII was violated as concerns Floyd's termination. The EEOC determined that there was insufficient evidence to prove that Floyd was subjected to a racially hostile work environment.

It is ORDERED that:

(1) The jury selection and trial of this cause, which is to last two to three (2-3) days, are set for September 29, 2008, at 10:00 a.m. at the United States Courthouse in Montgomery, Alabama;

(2) A trial docket will be mailed to counsel for each party approximately three weeks prior to the start of the trial term;

(3) The parties are to file their pre-trial briefs, if any, by **September 15, 2008**, along with proposed jury instructions and verdict forms;

(4) The parties in this case must file proposed verdict forms on or before **September 15, 2008**;

(5) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(6) All deadlines not otherwise effected by this order will remain as set forth in the Uniform Scheduling Order (Doc. #10) entered by the court on August 20, 2007;

(7) All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the Court.

DONE this the 2nd day of September, 2008.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE